# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | |
|---|---|
| **TRACY ARNOLD AND BILL ARNOLD** | |
| **Plaintiffs,** | |
| **and** | **No. 1:18-cv-01227-STA-egb** |
| **v.** | |
| **CITY OF CRUMP, LARRY WILBANKS, RANDALL WARREN, TIM KELLY, AND GLEN SPENCER** | |
| **Defendants.** | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.  STATEMENT OF FACTS

Bill and Tracy Arnold allege that the Defendants are liable to them for a variety of constitutional violations. Amended Complaint at ¶¶ 1.1, 1.2, and 4.2 (R.E. No. 5, Page ID 31and 32). The genesis of the Arnolds' claims is the May 29, 2017 arrest of Tracy Arnold, and the seizure of the Arnolds' van. *Id.* at ¶¶ 4.1.1-4.1.10, 4.1.26, 4.1.28, 4.3.1, and 4.4 (Page ID 34, 35, and 36). Larry Wilbanks stopped Tracy Arnold because her car did not have a license plate. *Id.* at ¶ 4.1.17 (Page ID 34). After Wilbanks stopped Ms. Arnold, he discovered that she does not have a driver's license, nor was her car registered. *Id.* at ¶¶ 4.1.8, 4.1.9, and 4.1.10 (Page ID 34). Tracy Arnold was

01129/82496

released on her own recognizance later the same day. *Id.* at ¶¶4.3.10 and 4.3.11 (Page ID 36). The next day, Wilbanks told Ms. Arnold that her van could only be released to a licensed driver and she had to register her van. *Id.* at  ¶¶ 4.4.9 and 4.4.11 (Page ID 37).

At Ms. Arnold's June 2, 2017 arraignment, she requested a preliminary hearing. *Id.* at ¶ 4.5.1. Her preliminary hearing was on June 13, 2017, and the judge dismissed the charges when the state's witnesses did not appear. *Id.* at ¶¶ 4.5.2, 4.5.3, and 4.5.5. And on the same day, Ms. Arnold asked the judge to order the release of her van. *Id.* at ¶ 4.5.6. When the judge could not help Ms. Arnold, she and her husband contacted Defendants. *Id.* at ¶¶ 4.5.7 and 4.6.1 (Page ID 38).

On June 14, 2017, Bill Arnold talked to Glen Spencer about the city releasing the van. *Id.* at ¶ 4.6.8. When Spencer called Mr. Arnold on June 15, 2017, he told Mr. Arnold that before the city could release the van, Arnold would have to register the van. *Id.* at ¶ 4.6.11. Mr. Arnold contacted Chief Kelly on July 27, 2017, and again Mr. Arnold was told that he had to register the van before it could be released. *Id.* at ¶¶ 4.6.15 and 4.6.18 (Page ID 39). No later than July 27, 2017, the Arnolds knew that to get their van they had to register it and the City would only release the van to a licensed driver. *Id.* at ¶¶ 4.4.9, 4.4.11, 4.6.11, 4.6.15, and 4.6.18 (Page ID 37-39).

II. Argument

   A.  The one-year statute of limitations bars the Arnolds' claims.

   The statute of limitations for § 1983 actions is one year. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citations omitted). And it "begins to run . . . 'when plaintiffs knew of should have known of the injury [that] forms the basis of their claims.'" *Beebe v. Birkett*, 749 F.Supp.2d 580, 595-96 (E.D. Mich. 2010) (quoting *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). "The event that should have alerted the typical lay person to protect his or her rights" triggers the running of the statute of limitations. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

   The Arnolds allege that the May 29, 2017, arrest of Tracy Arnold and seizure of the van violated the Fourth Amendment. Amended Complaint at ¶¶ 5.1.13 and 5.1.14 (R.E. No. 5, Page ID 48). The statute of limitations for the Fourth Amendment claim accrued on May 29, 2017, with the arrest of Ms. Arnold and the seizure of the van. *See Hornblack v. Lexington-Fayette Urban County Government*, 905 F.Supp.2d 747, 749 (E.D.Ky. 2012). At the latest, the Arnolds' claims accrued on June 13, 2017, when the judge dismissed the charges. Amended Complaint at ¶¶ 5.1.16 (R.E. No. 5, Page ID 48).

   The Arnolds allege that the Defendants' requirements for releasing the van, i.e., register the van and have a licensed driver pick up the van, violate their First Amendment rights to exercise their religion. *Id.* at ¶¶ 5.7-5.7.10 (Page ID 55-57). If registering their car and arranging for a licensed driver to pick up the van violated the

01129/82496

Arnolds' sincerely held religious beliefs, the Arnolds would have known this when the City told them about the conditions for picking up the van. The Arnolds allege that the city told them of these requirements on May 30, 2017, and June 15, 2017. *Id.* at ¶4.6.11 (Page ID 38).

The same is true with the other causes of action. The Arnolds tie their claims to the arrest of Ms. Arnold and the seizure of the van. Both of these events were on May 29, 2017. Because the Arnolds did not file suit until November 19, 2018, the one-year statute of limitations bars their actions regardless of which constitutional provision the Arnolds rely on.

B.  Neither the Fifth Amendment nor the Thirteenth Amendment applies to this case.

1.  The Fifth Amendment's due process clause applies only to the federal government.

The Fifth Amendment's due process clause only applies to the federal government. *Parker v. Burt*, 595 F.App'x 595, 600 n. 3 (6th Cir. 2015). Because there are no allegations implicating the federal government, the Arnolds have failed to state a Fifth Amendment due process claim against Defendants. *See Davis v. City of Memphis Fire Dept.*, 940 F.Supp.2d 786, 802 and n. 60 (W.D.Tenn. 2013).

01129/82496

    2.  The Arnolds have not stated a claim under the Thirteenth Amendment.

It is difficult to understand how the Thirteenth Amendment applies to the alleged facts. Section 1 of the Thirteenth Amendment bans "slavery [and] involuntary servitude . . . within the United States." U.S. Const., amend. XIII, § 1. Section 2 empowers Congress "to enforce [the Thirteenth Amendment] by appropriate legislation." *Id.* at § 2. It is unlikely that the Thirteenth Amendment provides a direct cause of action. *See Dolla v. Unicast Co.*, 930 F.Supp. 202, 206 (E.D.Pa. 1996). But if it does, there must be factual allegations from which the Court could reasonably infer that the Defendants compelled the Arnolds to work against their will. *Id.*; and *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  Because there are no such factual allegations in the Arnolds' Amended Complaint, they have failed to state a claim under the Thirteenth Amendment.

    C.  The Arnolds have failed to state a claim that the arrest of Tracy Arnold or the seizure of the van violates the Fourth Amendment.

When a police officer has probable cause to believe that a person has violated the law—even a minor traffic offense—the officer may arrest the person without violating the Fourth Amendment. *See Atwater v. City of Lago Vista*, 532 U.S. 318 (2001). Here, Wilbanks arrested Tracy Arnold because she did not have a driver's license and her van was not registered as required by Tenn. Code Ann. § 55-4-101. Amended Complaint at ¶¶ 4.1.8, 4.1.14, 4.1.26, 4.1.27, and 4.1.28 (R.E. No. 5, Page

ID 34-35). Arnold's admission that she did not have a driver's license and the van was not registered provided the officer with probable cause to arrest her.

The Arnolds' claim that the City's seizing their van because it was not registered was an unreasonable seizure in violation of the federal Constitution is without merit. A very similar argument was raised in *Lee v. Ladd*, 834 S.W.2d 323 (Tenn.Ct.App. 1992). In *Lee*, the state court of appeals held that it is reasonable for a city to seize and impound a car for violation of the state's registration law. *Id.* at 327. The same reasoning applies here.

D. The Arnolds cannot state a Fourteenth Amendment due process claim.

The Arnolds allege that the arrest of Tracy Arnold and the seizure of their van violates the Fourteenth Amendment. Amended Complaint at ¶¶ 5.2-5.2.18 (R.E. No. Page ID 49-51). Because this case involves an arrest and seizure of property by the police, the Fourth Amendment and not the Fourteenth applies. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing those claims.")

E. The Arnolds have failed to state a claim for violation of their right to associate.

The Arnolds make vague and conclusory allegations that they are not able "to

6

freely associate with anyone" including "family and friends." Amended Complaint at ¶¶ 4.12.4 and 4.12.8 (R.E. No. 1, Page ID 45-46). There are no factual allegations that would allow the Court "to infer more than the mere possibility of misconduct," and this is not enough to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

F. The Arnolds have failed to state claims under 42 U.S.C. § § 1985(3) and 1986.

1. Because the Arnolds have not alleged a conspiracy based on class-based animus, they have failed to state a claim under 42 U.S.C. § 1985(3).

There are four elements to a § 1985(3) claim: "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Majors v. City of Clarksville*, 113 F.App'x 659, 661 (6th Cir. 2004). The Arnolds must also allege that "the conspiracy was motivated by class-based animus." *Id*. Because there are no factual allegations that Defendants engaged in a conspiracy motivated by class-based animus (Amended Complaint at ¶¶ 5.4-5.4.8 (R.E. No. 5, Page ID 52-53)), the Court should grant Defendants' motion to dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

01129/82496

    2.  Because the Arnolds have not stated a claim under 42 U.S.C.
        § 1985(3), they cannot state a claim under 42 U.S.C. § 1986.

A prerequisite to a § 1986 claim is a cause of action under § 1985. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314-15 (6th Cir. 2005). Because the Arnolds have failed to state a claim under § 1985, they do not have a claim under § 1986. *Id.*

    G.  Because the Arnolds have not complied with Fed.R.Civ.P. 5.1, they cannot
        challenge the constitutionality of Tenn. Code Ann. § 5-8-102.

The Arnolds' misunderstanding of Tenn. Code Ann. § 5-8-102 leads them to allege that the City is compelling them to work. Amended Complaint at ¶ 5.5.2 (R.E. No. 5, Page ID 53). This section of the Tennessee Code, however, authorizes counties to levy privilege taxes on merchants, and wheel taxes on motor vehicles. Tenn. Code Ann. § 5-8-102 (a) and (b). First, there is nothing in the statute requiring the Arnolds to work. Second, by its plain terms the statute applies to counties not to cities; therefore, if the Arnolds have a complaint about McNairy County's wheel tax, if there is one, it should be directed to McNairy County, not the City of Crump, Tennessee. Finally, to the extent the Arnolds allege that Tenn. Code Ann. § 5-8-102 is unconstitutional, they must notify the Tennessee Attorney General. Fed.R.Civ.P. 5.1. There is no evidence that the Arnolds notified the Tennessee Attorney General of their claims that § 5-8-102 violates the First or Thirteenth Amendments. Based on these reasons, the Court should dismiss the Arnolds' claims.

Conclusion

The Court should dismiss the Arnolds' Amended Complaint for the following

reasons:

- The one-year statute of limitations bars the Arnolds' claims.

- Neither the Fifth Amendment nor the Thirteenth Amendment applies to the facts of this case.

- The Arnolds have failed to state a claim that the arrest of Tracy Arnold or the seizure of the van violates the Fourth Amendment.

- The arrest and seizure by the police are not actionable under the Fourteenth Amendment.

- The Arnolds' vague and conclusory allegations fail to state a claim for violation of their right to associate.

- The Arnolds' failure to allege that the conspiracy was motivated by class-based animus is fatal to their claims under 42 U.S.C. § § 1985(3) and 1986.

- The Arnolds' failure to comply with Fed.R.Civ.P. 5.1, prevents them from challenging the constitutionality of Tenn. Code Ann. § 5-8-102.

01129/82496

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC


_____s/ Dale Conder, Jr._____
JOHN D. BURLESON, BPR #10400
DALE CONDER, JR., BPR #15419
MATTHEW COURTNER, BPR # 029113
Attorneys for Defendants City of Crump, TN,
Larry Wilbanks, Tim Kelly, and Glen Spencer
209 East Main Street
Jackson, TN 38301
(731)423-2414
jburleson@raineykizer.com
dconder@raineykizer.com

## CERTIFICATE OF SERVICE

I certify that on February 19, 2019, I electronically filed this document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Tracy Arnold | Randall Warren |
| Bill Arnold | Warren's Towing |
| 1400 Harris Road | 2305 U.S. Highway 64 |
| Adamsville, TN 38310 | Adamsville, TN 38310 |
| Via electronic filing system | |


_____s/ Dale Conder, Jr._____