01129-82496

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | |
|---|---|
| **TRACY ARNOLD AND BILL ARNOLD**<br><br>    Plaintiffs,<br><br>and<br><br>v.<br><br>**CITY OF CRUMP, LARRY WILBANKS, RANDALL WARREN, TIM KELLY, AND GLEN SPENCER**<br><br>    Defendants. | **No. 1:18-cv-01227-STA-egb** |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE OPPOSING THE MOTION TO DISMISS

In response to Defendants' motion, the Arnolds make the following arguments:

 (1) The continuing-violation doctrine applies so as to make this lawsuit timely (Arnolds' Response at pp. 3-4 and 8-10 (R.E. No. 12, Page ID 107-108 and 112-114)),

(2) The six-year period set out in Tenn. Code Ann. § 67-1-1501for the government to sue to collect privilege taxes establishes that the Arnolds' claim is timely (*Id.* at pp. 4-6 (Page ID 108-110)),

(3) Under Tenn. Code Ann. § 28-1-105(a) the state could have recommenced the dismissed criminal charges; therefore, the Arnolds' cause of action did not accrue until one year after the dismissal of the criminal charge (*Id.* at pp. 6-7 (Page ID 110-111)),

01129/82496

(4) Enforcing laws regarding vehicle registration is, in effect, enforcing federal laws; thus, the local officials are federal agents (*Id.* at pp. 7-8 and 11-12 (Page ID 111-112 and 115-116)),

(5) The state's vehicle registration requirement is a badge or incident of slavery in violation of the Thirteenth Amendment (*Id.* at pp. 12-13 (Page ID 116-117)),

(6) The arrest of Ms. Arnold and the seizure of the van were unreasonable because the Arnolds are subject to a privilege tax (*Id.* at pp. 13-17 (Page ID 117-121)),

(7) The Arnolds rely on their complaint in response to the First Amendment and Fourteenth Amendment arguments (*Id.* at pp. 17-18 (Page ID 121-122)),

(8) In support of their conspiracy claim, the Arnolds argue they are being singled out because of their religious beliefs (*Id.* at pp. 18-19 (Page ID 122-123)), and

(9) The Arnolds say that they are not challenging the constitutionality of any Tennessee statute (*Id.* at pp. 19-20 (Page ID 123-124)).

    A. The continuing-violation doctrine does not apply to Tracy Arnold's arrest or the towing of the Arnolds' van.

Contrary to the Arnolds' argument, "the post-seizure retention of the [van] does not give rise to a continuing violation." *Stanley v. Malone*, 2009 WL 485491 at \*6 (S.D.Ohio February 26, 2009, Holschuh, J.). The Arnolds' cause of action accrued when Tracy Arnold was arrested and the van was towed. *Id.* "It is the . . . seizure that triggered this claim, even though the effects of [the seizure] may have continued into the future. Courts must take note of 'the subtle difference between a continuing violation and a continuing effect of a prior violation.'" *Herrin v. Dunham*, 2008 WL

01129/82496

2718802 at *7 (E.D.Mich. July 10, 2008, Lawson, J.). Because the arrest and seizure were more than one year before the Arnolds commenced this lawsuit, the statute of limitations bars this action.

> B. The six-year period for state or local governments to commence an action to collect taxes has no effect on the accrual of the Arnolds' § 1983 claims.

Tennessee Code Annotated § 67-1-1501(a) requires suits for collection of taxes to be filed within six years "from January 1 of the year for which such taxes accrued." Tenn. Code Ann. § 67-1-1501(a). This has nothing to do with the statute of limitations that requires the Arnolds to file suit within one year of the accrual of their constitutional claims.

> C. Tennessee Code Annotated § 28-1-105(a) applies to the recommencement of civil actions, not criminal cases.

Tennessee Code Annotated § 28-1-105(a) provides that "if the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff . . . may . . . commence a new action within one year . . . ." Tenn. Code Ann. § 28-1-105(a). "Action" as used in this statute "includes motions, garnishments, petitions, and other legal proceedings in judicial tribunals for the redress of civil injuries." Tenn. Code Ann. § 28-1-101. This statute does not apply to the state refiling criminal charges against Tracy Arnold. But even if it did, the cause of action still accrued with the arrest and seizure.

01129/82496

> D. Neither the Fifth Amendment nor the Thirteenth Amendment applies to this case.
>
> > 1. The Fifth Amendment's due process clause applies only to the federal government.

The Arnolds' argument about the applicability of the Fifth Amendment's due process clause to this case is frivolous. Arnolds' Response at pp. 7-8 and 11-12 (Page ID 111-112 and 115-116)). The Fifth Amendment applies to "the actions of the federal government." *Scott v. Clay* County, 205 F.3d 867, 873 n. 8 (6th Cir. 2000). Because the federal government is not involved in this case, the Arnolds cannot state a Fifth Amendment due process claim.

> > 2. The Arnolds have not stated a claim under the Thirteenth Amendment.

The Arnolds' response does not explain how the Thirteenth Amendment applies to the alleged facts. It is through the amendment's enabling clause that Congress is empowered to determine "what are the badges and incidents of slavery." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 440 (1968). "Whatever else [the badges and incidents of slavery] may . . . encompass[ ] . . . [they] . . . include[ ] restraints upon 'those fundamental rights which are the essence of civil freedom [that are] enjoyed by white citizens." *Id.* at 441. There are no factual allegations in the Arnolds' Amended Complaint from which the Court could reasonably infer that Defendants have imposed the "badges and incidents of slavery" upon the Arnolds.

    E.  The Arnolds' response does not overcome their failure to state a claim that the arrest of Tracy Arnold or the seizure of the van violates the Fourth Amendment.

The Arnolds argue that the registration requirements are a privilege tax and they have not agreed to engage in a privilege; therefore, the requirements do not apply to them. Arnolds' Response at pp. 13-17 (Page ID 117-121). "The ability to drive a motor vehicle on a public highway is not a fundamental right. Instead, it is a revocable privilege that is granted upon compliance with statutory licensing procedures." *State v. Booher*, 978 S.W.2d 953, 956 (Tenn.Crim.App. 1997). "State and local governments possess an inherent power, i.e. police power, to enact reasonable legislation for the health, safety, welfare, morals, or convenience of the public." *Id.* It is through this "police power that [the] legislature may prescribe conditions under which the 'privilege' of operating automobiles on public highways may be exercised." *Id.*

    F.  The Arnolds rely on their complaint in response to Defendants' motion regarding the First and Fourteenth Amendments.

Because the Arnolds rely on their complaint in response to Defendants' arguments regarding the First and Fourteenth Amendments, there is no need for Defendants to make additional arguments. Arnolds' Response at pp. 17-18 (Page ID 121-122).

01129/82496

G. The Arnolds' response does not show that they have stated a conspiracy claim.

In support of their conspiracy claim, the Arnolds argue they are being singled out because of their religious beliefs. Arnolds' Response at pp. 18-19 (Page ID 122-123). This is not enough to state a conspiracy claim. Because the conspiracy must be motivated by a class-based animus, the Arnolds must allege facts showing that the Defendants knew of the Arnolds' religion. *Ohio ex rel. Moore v. Brahma Investment Group, Inc.*, 723 F.App'x 284, 288 (6th Cir. 2018). Therefore, the Arnolds have still not stated a conspiracy claim.

Conclusion

In their response, the Arnolds have not shown that they have stated claims for relief. Therefore, the Court should dismiss this action.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC

    s/ Dale Conder, Jr.
JOHN D. BURLESON, BPR #10400
DALE CONDER, JR., BPR #15419
MATTHEW COURTNER, BPR # 029113
Attorneys for Defendants City of Crump, TN, Larry Wilbanks, Tim Kelly, and Glen Spencer
209 East Main Street
Jackson, TN 38301
(731)423-2414
jburleson@raineykizer.com
dconder@raineykizer.com

01129/82496

## **CERTIFICATE OF SERVICE**

    I certify that on March 21, 2019, I electronically filed this document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Tracy Arnold | Randall Warren |
| Bill Arnold | Warren's Towing |
| 1400 Harris Road | 2305 U.S. Highway 64 |
| Adamsville, TN 38310 | Adamsville, TN 38310 |
| Via electronic filing system | |

                                                                                       s/ Dale Conder, Jr.