# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TRACY ARNOLD and BILL ARNOLD, )<br>)<br>    **Plaintiffs,** )<br>)<br>v. )<br>)<br>CITY OF CRUMP, LARRY )<br>WILBANKS, in his official and )<br>individual capacity, RANDALL )<br>WARREN, TIM KELLY, in his official )<br>and individual capacity, and )<br>GLEN SPENCER, in his official and )<br>individual capacity, )<br>)<br>    **Defendants.** ) | Case No.: 1:18-cv-01227-STA-jay |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' City of Crump, Larry Wilbanks, Tim Kelly, and Glen Spencer Motion to Dismiss ("Defendants"). (D.E. 9).[1] Plaintiffs have responded in opposition. (D.E. 12). Defendants have replied to Plaintiffs' response in opposition. (D.E. 12). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). For the following reasons, the Magistrate Judge recommends that this Court GRANT Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiffs' claims stem from Defendant-police officer Larry Wilbanks arresting Plaintiff Tracy Arnold on May 29, 2017, for operating an unregistered vehicle without a license plate or a

---

[1] Defendant Randall Warren is the only Defendant not included in this Motion to Dismiss.

1

driver's license.  Officer Wilbanks took Tracy Arnold into custody and seized the van.  Wilbanks had Defendant Randall Warren, a tow truck operator, tow the Arnold vehicle.  Tracy Arnold was released from custody approximately six hours after her arrest.

On June 2, 2017, Tracy Arnold appeared in the Hardin County General Sessions Court and a preliminary hearing was set for June 13, 2017.  No state witnesses appeared at the June 13, 2017, preliminary hearing and the charges against Tracy Arnold were dismissed.  On June 15, 2017, Defendant Glen Spencer, Mayor of Crump, advised Plaintiff Bill Arnold that Arnold would have to register the van for the City to release the van.  After making a written demand that the City return the van to him, Mr. Arnold spoke with Defendant Chief of Police Tim Kelly on July 27, 2017.  During that conversation Chief Kelly informed Mr. Arnold that he would need to register the van before it could be released.  In October of 2017, Plaintiffs made two open records requests to the City of Crump seeking all records relating to the taking of the van, including a tow bill, dispatch records, tow-in report, and any other documents relating to the van.  The City, through counsel, responded to those requests and provided copies of the citations and the judgment, and advised Plaintiffs that there were no additional documents concerning the van.

On November 19, 2018, *pro se* Plaintiffs Bill and Tracy Arnold filed this Complaint asserting claims under 42 U.S.C. § 1983 for violations of their First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights.  Additionally, Plaintiffs allege violations of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986.  Plaintiffs subsequently filed an Amended Complaint on February 11, 2019.

## ANALYSIS

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,

667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678 (2009)); *see also* Fed. R. Civ. P. 12(b)(6). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a

3

claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

First, Defendants argue that Plaintiffs' claims under § 1983 are time barred. In Plaintiffs' response, they argue that the continuing violation doctrine applies, that Tenn. Code Ann. § 55-4-101(a)(2) states that registration is a privilege tax and Tenn. Code Ann. § 67-1-1501(a) allows six (6) years to file suit, that Tenn. Code Ann. § 28-1-105(a) allows for the dismissed charges to be filed for up to one year after dismissal, and that Defendants acted as federal agents enforcing federal law.

The Magistrate Judge agrees with Defendants that Plaintiffs' claims under 42 U.S.C. § 1983 are time barred. Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. Tenn. Code Ann. § 28–3–104(a); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir.1986). In § 1983 cases, a cause of action accrues, and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks,* 415 F.3d 558, 561 (6th Cir.2005); *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929

4

F.2d 1151, 1159 (6th Cir.1991) ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

Under the continuing violation doctrine, a court may toll limitations periods for allegedly wrongful conduct that is continuing in nature. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002). The doctrine applies when (1) the defendant's wrongful conduct continued after the precipitating event; (2) injury to the plaintiff continued to accrue after that event; and (3) further injury to the plaintiff was avoidable if the defendants had at any time ceased their wrongful conduct. *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir.1999)).  Federal courts are generally reluctant to apply the continuing violations doctrine to § 1983 actions. *See Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) ("This Circuit employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions.")

Plaintiff Tracy Arnold's arrest and seizure of the van occurred on May 29, 2017.  On June 13, 2017, the charges were dismissed against Ms. Arnold.  On June 15, 2017, Mayor Glen Spencer informed Mr. Arnold that the van would not be released without registering the van.  Plaintiffs' Complaint was filed on November 19, 2018.  Defendants, in their reply, cite to *Stanley v. Malone*, No. 2:07-CV-694, 2009 WL 485491 (S.D. Ohio Feb. 26, 2009), where that court held that the continuing violation doctrine did not apply in a similar circumstance.  In that case, Plaintiffs' vehicle was seized by the police department following a search warrant.  *Id.* at *1.  Defendants argued that Plaintiffs' action was time barred and Plaintiffs argued that the continuing violation doctrine applied.  *Id.* at *3.  The *Stanley* court did not agree with Plaintiffs and found that the cause of action began to accrue on the date the vehicle was seized.  *Id.* at *5.

In support of the finding, the court cited to another case for the proposition that in the police seizure of a vehicle, "[i]t is the illegal seizure that triggered this claim, even though the effects of those police actions may have continued into the future[ ] [c]ourts must take note of 'the subtle difference between a continuing violation and a continuing effect of a prior violation.'" *Id.* at \*6-7 (quoting *Herrin v. Dunham,* No. 05–10245, 2008 WL 2718802 at \*7 (E.D. Mich. Jul.10, 2008) (internal citations omitted)).  Like the *Stanley* case, here, the alleged unlawful seizure of Plaintiffs' van is what triggered the putative § 1983 claim.  Thus, Plaintiffs' cause of action began to run on May 29, 2017, the day the van was seized.  Accordingly, Plaintiffs' § 1983 claims are barred by the one-year statute of limitations.

As to Plaintiffs' second argument that registration is a privilege tax and they are allowed six (6) years to file suit, this argument is misguided.  This statute, Tenn. Code Ann. § 67-1-1501(a), concerns the limitation for the government to file suit for the collection of taxes, not Plaintiff's constitutional claims.  Likewise, Tenn. Code Ann. § 28-1-105(a) does not apply to the limitations for Plaintiffs' asserted claims.  Plaintiffs argue that the criminal prosecution against Plaintiff Tracy Arnold could have been refiled for up to one year after dismissal per the statute. However, this statute does not concern criminal charges.  The term "action" as used in Tenn. Code Ann. § 28-1-105(a) refers to "motions, garnishments, petitions, and other legal proceedings in judicial tribunals for the redress of civil injuries."  Tenn. Code Ann. § 28-1-101.  Lastly, Defendants included here are state actors, not federal actors, therefore Plaintiffs argument that Defendants are federal actors fails.

Finally, there are four elements to a § 1985(3) claim: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the

6

conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 314 (6th Cir. 2005). Additionally, a plaintiff must claim both a membership in a protected class and a discrimination on account of it. *Smithers ex rel. Norris v. City of Flint,* 602 F.3d 758, 765 (6th Cir. 2010). In this case, Plaintiffs did not claim the alleged conspiracy was because of discrimination towards a protected class. Although, Plaintiffs vaguely cite to "religious beliefs to not contract into engaging in interstate or intrastate commerce on the public roads and to not commit fraud on the [s]tate," they do not assert that Defendants knew of these religious beliefs and conspired against Plaintiffs because of this knowledge. (D.E. 12, PageID 122). Under 42 U.S.C. § 1986, there is a cause of action against anyone who has knowledge of a conspiracy under § 1985. *See* 42 U.S.C. § 1986. Consequently, because Plaintiffs cannot state a claim under § 1985(3), they do not have a cause of action under § 1986. *Radvansky*, 395 F.3d at 315.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiffs' Amended Complaint against the aforementioned Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted this 20th day of June, 2019.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**