01129-82496

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | |
|---|---|
| TRACY ARNOLD AND BILL ARNOLD<br><br>    Plaintiffs,<br><br>and<br><br>v.<br><br>CITY OF CRUMP, LARRY WILBANKS, RANDALL WARREN, TIM KELLY, AND GLEN SPENCER<br><br>    Defendants. | No. 1:18-cv-01227-STA-egb |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE JON YORK'S REPORT AND RECOMMENDATION

I.  Because the Arnolds' objections to Magistrate Judge York's Report and Recommendation are not timely, this Court's review is to decide if there's clear error on the face of the record.

The Arnolds' objections were due within 14 days. 28 U.S.C. § 636(b)(1)C). Because of a medical emergency, the Arnolds were not able to meet this deadline, and the District Court granted their request for an extension. Order Granting Plaintiffs' Motion for Extension of Time (D.E. No. 17, Page ID 146). The District Court required the Arnolds to "file their objections to Magistrate Judge York's Report and Recommendation on or before July 26, 2019." Id. The Arnolds' objections were not

01129/82496

electronically filed. Envelope (D.E. 18-1, Page ID 157). The clerk received and filed the Arnolds' objections on July 29, 2019. Id.; and Plaintiffs' Objections to Magistrate's Recommendations (D.E. 18, Page ID 147-156).

"'The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work.'" Howard v. Secretary of Health and Human Servcies, 932 F.2d 505, 509 (6th Cir. 1991) (quoting Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980)). In balancing the parties' rights with the interest of judicial efficiency, the drafters granted parties the option to "serve and file [within 14 days] specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. at Advisory Committee Notes. This standard furthers the Federal Magistrate's Act's purpose.

"A paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed.R.Civ.P. 5(d)(2)(A)-(B). When papers are mailed, "the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box." Torras Herreria y Construcciones, S.A. v. M/V Timur Star, 803 F.2d 215, 216 (6th Cir. 1986).

Here, the Arnolds had 36 days to file specific objections to the Report and Recommendation. Despite such a lengthy period, they filed their objections three days

after the July 26, 2019 court-ordered deadline. The Arnolds' late-filed objections impose on this Court only the "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Because there is no clear error, this Court should adopt Magistrate Judge York's Report and Recommendation.

> II. Because the Arnolds' objections raise only legal issues, this Court does not subject Magistrate York's Report and Recommendation to de novo review.

Because "'de novo determination refers only to matters involving disputed Facts'" (Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (quoting Gioiosa v. United States, 684 F.2d 176, 179 (1st Cir. 1982)), objections raising legal questions are not subject to de novo review. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The Arnolds raise two specific objections: (1) whether the statute of limitations bars their action or does the continuing violation doctrine save the cause of action; and (2) are the City of Crump defendants federal actors? Plaintiffs' Objections at p. 9, § 3, ¶ 3.1 (D.E. No. 18, Page ID 155). Each of these is a legal question. See, e.g. DeMay v. Moore & Bruce, LLP, 584 F.Supp.2d 170, 174 (D.D.C. 2008). Therefore, the Arnolds forfeited their right to de novo review, and this Court should adopt Magistrate Judge York's Report and Recommendation. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Keeler v. Pea, 782 F.Supp. 42, 43 (D.S.C. 1992).

> III. The only specific objection raised by the Arnolds is that Magistrate Judge York erred in holding that this was not a continuing violation by federal actors.

If the Court determines that the Arnolds' objections are timely and raise factual disputes, then the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). The only specific objection is to Magistrate Judge York's conclusion that the continuing-violation doctrine does not apply and the City of Crump defendants are not federal actors. Plaintiffs' Objections at p. 9 , § 3, ¶ 3.1 (D.E. No. 18, Page ID 155).

Magistrate Judge York rejected the continuing-violation doctrine because this case involved the continuing ill effects of Tracy Arnold's arrest and seizure of the van. Report and Recommendation at pp. 5-6 (D.E. 14, Page ID 137-138). The essence of the Arnolds' argument is that the district judge in <u>Stanley v. Malone</u>, 2009 WL 485491 (S.D. Ohio Feb. 26, 2009) was wrong and Magistrate Judge York is wrong. Plaintiffs' Objections at ¶¶ 2.2.2.4-2.2.3.6 pp. 4-6 (D.E. No. 18, Page ID 150-152). The Arnolds' disagreements with Magistrate Judge York's conclusion and with the district court's conclusion in <u>Stanley</u> are not enough for this Court to overrule Magistrate Judge York's Report and Recommendation. This case simply does not involve a continuing violation, the cause of action accrued more than one year before the Arnolds filed this lawsuit, therefore, the one-year statute of limitations bars their cause of action.

> IV. The remaining objections lack merit.

The Arnolds' argument that the Town of Crump and its employees were

4

federal actors is wrong. This case involves a local government seizing a van because it was not properly registered and did not have a license plate. Report and Recommendation at pp. 1-2 (D.E. No. 18, Page ID 133-134). The mayor and the police chief told Bill Arnold that the Town of Crump would release the van once the Arnolds registered it and provided proof of the registration. Id. at p. 2 (Page ID 134). The Arnolds have some strange views on the state's registration requirements. One view is that by requiring the Arnolds to register their van, the state is forcing them into an occupation. First Amended Complaint at ¶ 5.6.3 (D.E. No. 5, Page ID 55). Their argument is incoherent. But to the extent they have an objection to a state law, they have the wrong defendants; they should be suing the State of Tennessee.

Their objection to state registration requirements leads to their claim that local officials are federal agents. The Arnolds argue that state registration requirements arise out of federal statutes and regulations and anyone enforcing state registration requirements is therefore a federal actor. Plaintiffs' Objections at ¶¶ 2.2.2.5 (D.E. No. 18, Page ID 151). This argument is absurd. The Arnolds fault Magistrate York for failing to "place his finger on the law imposing a duty for the Plaintiffs to make application for a revocable privilege through registering their property." Id. at ¶ 2.2.2.3 (Page ID 150). It is the Arnolds who have failed to "place their fingers" on any relevant law and to offer a coherent and reasonable argument supporting their objections to Magistrate Judge York's Report and Recommendation.

01129/82496

Conclusion

The District Court should overrule the Arnolds' objections because

- their objections are untimely and Magistrate Judge York did not make a clear error of law;

- they have raised only legal questions thereby waiving de novo review;

- and if the objections are timely and raise factual issues, the Arnolds have not provided the District Court with any basis for concluding that Magistrate Judge York's Report and Recommendation is wrong.


Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC


    s/ Dale Conder, Jr.
JOHN D. BURLESON, BPR #10400
DALE CONDER, JR., BPR #15419
MATTHEW COURTNER, BPR # 029113
Attorneys for Defendants City of Crump, TN,
Larry Wilbanks, Tim Kelly, and Glen Spencer
209 East Main Street
Jackson, TN 38301
(731)423-2414
jburleson@raineykizer.com
dconder@raineykizer.com

01129/82496

## CERTIFICATE OF SERVICE

    I certify that on August 3, 2019, I electronically filed this document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Tracy Arnold | Randall Warren |
| Bill Arnold | Warren's Towing |
| 1400 Harris Road | 2305 U.S. Highway 64 |
| Adamsville, TN 38310 | Adamsville, TN 38310 |
| Via electronic filing system | |

                                                 s/ Dale Conder, Jr.