# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TRACY ARNOLD and BILL ARNOLD, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CRUMP, TENNESSEE; LARRY WILBANKS, in his official and individual capacity; TIM KELLY, in his official and individual capacity; RANDALL WARREN; and GLEN SPENCER, <br><br> Defendants. | No. 1:18-cv-01227-STA-jay |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS

On June 20, 2019, United States Magistrate Judge Jon A. York submitted his Report and Recommendation on Defendants'[1] Motion to Dismiss (ECF No. 9). (ECF No. 14.) Plaintiffs filed untimely objections on July 29, 2019, (ECF No. 18), to which Defendants responded (ECF No. 19). Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

Upon Plaintiffs' Motion (ECF No. 15), the Court allowed Plaintiffs until July 26, 2019, to file any objections to Magistrate Judge York's Report and Recommendation. (ECF No. 17.)

---

[1] For the purposes of this Order, "Defendants" refers to the City of Crump, Larry Wilbanks, Tim Kelly, and Glen Spencer. Defendant Randall Warren was served on February 13, 2019, (ECF No. 11-4), but he has not filed a responsive pleading.

1

Federal Rule of Civil Procedure 5 provides that "[a] paper not filed electronically is filed by *delivering* it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing . . . ." Fed. R. Civ. P. 5(d)(2) (emphasis added).

Here, Plaintiffs waited until the filing deadline to sign and mail their objections. (ECF No. 18 at 10.) The clerk did not receive Plaintiffs' objections until July 29, 2019—three days after the deadline. (ECF No. 18-1.) A filing that is delivered to the clerk's office after the deadline is untimely, even if the filing was mailed on or before the deadline. *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986).

Plaintiffs contend that their failure to file on time was "excusable neglect" and that the impact caused by their delay was insignificant and "trivial." (ECF No. 20-1.) Regardless of Plaintiffs' beliefs as to the filing deadlines, Plaintiff's objections are not well-taken. Because their objections to Magistrate Judge York's Report and Recommendation were untimely, they fail as a matter of law.

Alternatively, if the Court were to disregard the untimeliness of Plaintiffs' filing, Plaintiffs' objections fail on the merits. Plaintiffs filed their Complaint (ECF No. 1) and Amended Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 for Defendants' alleged violations of Plaintiffs' First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights. Additionally, Plaintiffs allege violations of 42 U.S.C. §§ 1985(3) and 1986. Magistrate Judge York is correct in that these claims should be dismissed.

With regard to Plaintiffs' Section 1983 claims, Magistrate Judge York correctly concluded that the statute of limitations has passed. Plaintiffs' delay in filing suit bars them from proceeding.

Plaintiffs refute this conclusion and assert that the continuing violation doctrine applies, thereby allowing them to proceed with their Section 1983 claims. Magistrate Judge York addressed this argument in his Report and Recommendation. (*See* ECF No. 14 at 4-6.)

Plaintiffs' understanding and application of the continuing violation doctrine is contrary to the doctrine's jurisprudence. Plaintiffs knew of the deprivation of their property in May of 2017. The charges against Ms. Arnold were dismissed on June 13, 2017. On June 15, 2017, Mayor Glen Spencer informed Mr. Arnold that the van would not be released until Plaintiffs registered the van. Plaintiffs then waited approximately sixteen months after discovering their injury to file suit in this Court.

Plaintiffs erroneously contend that their delay is immaterial, as Defendants' failure to relinquish the van amounts to a continual violation of their rights. Plaintiffs' assertion that the *effects* of Defendants' alleged unconstitutional conduct amount to continuing violations is without merit. *See Limestone Dev. v. Village of Lemont*, 520 F.3d 797, 801 (7th Cir. 2008) (citations omitted) (explaining that the continuing violation doctrine is about a cumulative—not continuing—violation). The Magistrate Judge correctly concluded that the continuing violation doctrine does not apply in this case. (ECF No. 14 at 4-6).

As to Plaintiffs' 42 U.S.C. § 1985(3) claim, Magistrate Judge York correctly concluded that Plaintiffs have not stated a viable conspiracy claim. Consequently, Plaintiffs also have no cause of action under Section 1986.

In opposition, Plaintiffs aver that they "intend to show that at trial there is sufficient discoverable evidence to establish a pretext of unlawful discrimination by the Defendants and that direct evidence of a discriminatory policy or animus on the part of Defendants is not

required." (ECF No. 18 at 9.) Plaintiffs' intention to state a claim, however, is insufficient to proceed.

To avoid dismissal for failure to state a claim, "a *complaint* must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (emphasis added). Plaintiffs' pleadings must contain more than mere conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Because Plaintiffs have not sufficiently claimed that an alleged conspiracy was a result of Defendants' discrimination towards them, as members of a protected class, neither Plaintiffs' Section 1985(3) nor their Section 1986 claims can survive.

Because Plaintiffs present no facts or law to show that the Report and Recommendation should not be adopted, the Report and Recommendation is **ADOPTED** in its entirety. Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 27, 2019