# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**TRACY ARNOLD and BILL ARNOLD,**

    **Plaintiffs,**

v.                                                          No. 18-1227-STA-jay

**CITY OF CRUMP, et al.,**

    **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND
## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

      Before the Court is the United States Magistrate Judge' Report and Recommendation that Defendant Randall Warren's Motion to Dismiss (ECF No. 25) be granted. The Magistrate Judge submitted his Report and Recommendation on November 5, 2019. (ECF No. 26.) Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report, making the objections due no later than November 19, 2019. Giving Plaintiffs the benefit of the additional three days allowed under Rule 6(d), Plaintiffs' objections were due at the latest by November 22, 2019. To date Plaintiffs have filed no objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. Defendant's Motion to Dismiss is **GRANTED**.

      The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper

status under Fed. R. App. P. 24(a).[1] Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit.[2] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals.[3]

The good faith standard is an objective one.[4] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[5] It would be inconsistent for a district court to determine that a complaint should be dismissed for the reasons stated in the Report and Recommendation but has sufficient merit to support an appeal *in forma pauperis*.[6] The same considerations that lead the court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiffs file a notice of appeal, they must also pay the full appellate

---

[1] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999)

[2] Fed. R. App. P. 24(a)(1)

[3] Fed. R. App. P. 24(a)(4)-(5)

[4] *Coppedge v. United States*, 369 U.S. 438, 445 (1962)

[5] *Id.*

[6] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)

filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[7]

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  November 25, 2019

---

[7] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless they are specifically instructed to do so, Plaintiffs should not send to this court copies of documents intended for filing in the Sixth Circuit.